UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| **JONATHAN OSWALT**, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| vs. | ) | |
| | ) | |
| **DANIEL N. GORDON, P.C., AND LVNV FUNDING, LLC,** | ) | *JURY TRIAL DEMANDED* |
| | ) | |
| | ) | |
| Defendants. | ) | |

**NATURE OF ACTION**

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district,

Complaint - 1

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

where Plaintiff resides in this State and this district, and where Defendants transact business in this State and this district.

**PARTIES**

4. Plaintiff, Jonathan Oswalt ("Plaintiff"), is a natural person who at all relevant times resided in the State of Washington, County of King, and City of Kent.

5. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3), as he is a natural person alleged by Defendants to be obligated to pay a debt that was incurred for personal, family, or household purposes.

6. Defendant, LVNV Funding, LLC ("LVNV"), is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

7. LVNV is a limited liability company engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5). At all relevant times, LVNV acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

8. Defendant, Daniel N. Gordon, P.C., ("Gordon") is a law office engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5). At all relevant times, Daniel N. Gordon, P.C. acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

9. Gordon's principal place of business is 4023 W. 1st Avenue, Eugene, Oregon.

10. Gordon services consumer debt portfolios placed with it for collection by financial institutions and other third parties, on a contingent fee basis.

Complaint - 2

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

11. Gordon and LVNV contributed to or participated in, authorized, or implemented the policies regarding the acts complained of which caused injuries to Plaintiff.

12. Gordon and LVNV combined and concurred with each other in committing the acts complained of.

13. Gordon and LVNV acted at all times in concert with, or as principal or agent or employee of the other in a common financial enterprise.

14. Gordon and LVNV, in carrying out the acts complained of, were at all relevant times acting within the scope, purpose, and authority of such agency, service, or employment.

15. Gordon and LVNV acted with the express or implied permission, knowledge, consent, or ratification of each other. Under the FDCPA, Defendant LVNV as a collection agency is vicariously liable for the conduct of Defendant Gordon, its collection attorney as its agent. (See e.g. *Newman v. Checkrite California, Inc.,* 912 F. Supp 1354 (E.D. Cal. 1995); *Martinez v. Albuquerque Collection Services*, 867 F. Supp. 1495 (D. N.M. 1994); *Ditty v. CheckRite, Ltd.,* 973 F. Supp. 1320 (D. Utah 1997)).

## FACTUAL ALLEGATIONS

16. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Gordon or LVNV.

17. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Gordon or LVNV, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

18. Gordon and LVNV use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collect

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

19. Gordon, itself and on behalf of LVNV, sent written correspondence to Plaintiff dated June 8, 2010, placed upon Gordon's law firm letterhead, with the opening statement being "[t]his firm has been retained with the authority to file a lawsuit against you for a debt owed by you to LVNV Funding, LLC." Gordon added a disclaimer toward the bottom of the letter that "[a]t this time, no attorney has personally reviewed the particular circumstances of your account." This disclaimer was particularly ineffective in light of Gordon's opening statement, that authority to sue had been granted, leading a least sophisticated consumer to believe that no review was necessary and that litigation would be imminent, which misrepresents the level of meaningful attorney involvement in the collections process. The opening statement clearly conveyed an immediate threat of litigation.

20. Furthermore, Gordon's non-attorney employees and/or agents, during a period of time in which no attorney review of Plaintiff's alleged debt had been conducted, made representations to Plaintiff concerning the laws of the State of Washington, which were not only incorrect (and thus constitute threats of action that could not be taken, or were not intended to be taken, by Gordon) but also further misrepresented to Plaintiff the level of meaningful attorney involvement in the collection of Plaintiff's alleged debt.

21. Gordon, itself and on behalf of LVNV, made statements to Plaintiff in telephone conversations during the thirty (30) day dispute period including, but not limited to the following:

    a. Stating to Plaintiff that "once a judgment is obtained against you, it will be on your record forever";

Complaint - 4

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

  b. Stating to Plaintiff that because Washington State was a "Community Property State" that Plaintiff's wife had "married into the debt," when the alleged debt had been incurred prior to Plaintiff's marriage;

  c. Stating to Plaintiff that Gordon had been "hired by [LVNV] strictly to file a lawsuit against [Plaintiff]";

  d. Threatening Plaintiff with wage garnishment prior to obtaining a judgment.

22. Gordon, itself and on behalf of LVNV, left numerous voicemail messages on Plaintiff's cellular telephone, and failed in each instance to notify Plaintiff that the call was from a debt collector, including, but not limited to, the following dates and times: June 21, 2010 at 1:26 P.M., June 22, 2010 at 8:28 P.M., June 24, 2010 at 8:19 A.M.;

23. Gordon, itself and on behalf of LVNV, placed numerous non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system.

**COUNT I—1692g vs Both Defendants**

24. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 23.

25. Defendants' letter of June 8, 2001 violates 15 U.S.C. § 1692g, by overshadowing and inconsistency with the disclosures required under 15 U.S.C. §1692g(a), including but not limited to, the use of law firm letterhead, with an opening statement which clearly conveys an immediate threat of litigation, within the thirty (30) day validation period. Defendants' include a disclaimer toward the bottom of the letter that, "[a]t this time, no attorney has personally reviewed the particular circumstances of your account." This

Complaint - 5

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

disclaimer is particularly ineffective in light of the Defendants' opening statement, that authority to sue had been granted, leading a least sophisticated consumer to believe that no review was necessary and that litigation would be imminent, thus overshadowing Plaintiff's validation rights under §1692g.

26. Defendants further violated §1692g by making statements to Plaintiff, within the thirty day validation period that overshadowed and were inconsistent with Plaintiff's §1692g(a) rights, including but not limited to:

  a. Stating to Plaintiff that "once a judgment is obtained against you, it will be on your record forever";

  b. Stating to Plaintiff that because Washington State was a "Community Property State" that Plaintiff's wife had "married into the debt" when the alleged debt had been incurred prior to Plaintiff's marriage;

  c. Stating to Plaintiff that Gordon had been "hired by [LVNV] strictly to file a lawsuit against [Plaintiff]";

  d. Threatening Plaintiff with wage garnishment prior to obtaining a judgment.

27. Defendant LVNV is vicariously liable for the actions of Defendant Gordon in violation of the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692g;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

Complaint - 6

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II-1692e(3) vs Both Defendants

28. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 23.

29. Defendants' letter of June 8, 2010 violated 15 U.S.C. §1692e(3) by misrepresenting the level of meaningful attorney involvement in the collection process whereby Defendants attempted to collect a debt from Plaintiff.

30. Defendant LVNV is vicariously liable for the actions of Defendant Gordon in violation of the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendants violated 15 U.S.C. § 1692e(3);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

Jon N. Robbins  
WEISBERG & MEYERS, LLC  
3877 N. Deer Lake Rd.  
Loon Lake, WA 99148  
509-232-1882  
866-565-1327 facsimile  
jrobbins@AttorneysForConsumers.com

### COUNT III—1692e(5) vs Both Defendants

31. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 23.

32. Defendants violated 15 U.S.C. §1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including but not limited to, threatening garnishment prior to obtaining a judgment, and threatening immediate legal action where no attorney had yet reviewed Plaintiff's file.

33. Defendant LVNV is vicariously liable for the actions of Defendant Gordon in violation of the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

g) Adjudging that Defendants violated 15 U.S.C. § 1692e(5);

h) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

i) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

j) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

k) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

l) Awarding such other and further relief as the Court may deem just and proper.

### COUNT IV-1692e(10) vs Both Defendants

34. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 23.

Complaint - 8

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

35. Defendants' violated 15 U.S.C. § 1692e(10) by the use of false and deceptive representations in connection with the collection of an alleged debt, including but not limited to, making false statements of Washington law, such as:

   a. Stating to Plaintiff that "once a judgment is obtained against you, it will be on your record forever";

   b. Stating to Plaintiff that because Washington State was a "Community Property State" that Plaintiff's wife had "married into the debt" when the alleged debt had been incurred prior to Plaintiff's marriage;

   c. Stating to Plaintiff that Gordon had been "hired by [LVNV] strictly to file a lawsuit against [Plaintiff]";

   d. Threatening Plaintiff with wage garnishment prior to obtaining a judgment.

36. Defendant LVNV is vicariously liable for the actions of Defendant Gordon in violation of the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendants violated 15 U.S.C. § 1692e(10);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

Complaint - 9

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

**COUNT V—1692e(11) vs Both Defendants**

37. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 23.

38. Gordon, itself and on behalf of LVNV, violated 15 U.S.C. § 1692e(11) by leaving numerous voicemail messages on Plaintiff's cellular telephone, and failing in each instance to notify Plaintiff that the call was from a debt collector, on no less than three (3) separate occasions.

39. Defendant LVNV is vicariously liable for the actions of Defendant Gordon in violation of the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT VI—47 USC 227 vs Both Defendants**

40. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 23.

41. Defendants violated 47 U.S.C. § 227(b)(1)(A) by using an automatic telephone dialing system to place multiple calls to Plaintiff's cellular telephone number in effort to collect

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 47 U.S.C. § 227(b)(1)(A);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

### TRIAL BY JURY

42. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 8th day of November, 2010.

> s/Jon N. Robbins
> Jon N. Robbins
> WEISBERG & MEYERS, LLC
> Attorney for Plaintiff

Complaint - 11

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com